IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

                                      Criminal No. 13-1874-MV

    v.

ROBERTO THOMAS,

        Defendant.

## **ORDER**

THIS MATTER comes before the Court on Defendant's Motion *in Limine* Regarding Hearsay [Doc. 190].   In the Motion, Defendant asks the Court to exclude, both as inadmissible hearsay and as violative of the Confrontation Clause, certain testimony of government witnesses, including testimony of out-of-court statements made by the confidential informant and the co-defendants in this case, Jesus Amaya, Juan Caballero, and Christian Tovar.   In its response, the government argues that, to the extent it seeks to introduce the challenged testimony, that testimony, for various reasons discussed herein, is not hearsay but rather is admissible evidence.

*Testimony the Government Does Not Intend to Introduce*

As an initial matter, the government represents that it does not plan to introduce certain of the challenged testimony, namely, testimony regarding statements made outside of the time period charged in the Indictment (April 30, 2013 through May 8, 2013), and testimony regarding post-arrest statements made by any of the co-defendants unless the co-defendant who made the statement is called as a witness during the trial.   Based on the government's representations, the Court will not address the admissibility of this testimony, but does caution the government that,

1

should it decide at any point during the trial to introduce such testimony, it must first seek permission from the Court to do so.

*Testimony Offered as Relevant Background to the Government's Investigation*

The government argues that testimony regarding certain out-of-court statements by the confidential informant is necessary to provide the jury with background information about the government's investigation, and thus fits within an exception to the hearsay rule.   In particular, the government argues that the following testimony of its agents is admissible as evidence necessary to explain the progression of their investigation and surveillance efforts:   (1) testimony that CS-1 informed the agents that a delivery of methamphetamine would be taking place on May 8, 2013, at the Wal-Mart; (2) testimony that CS-1 informed the agents that Amaya was expecting a delivery of methamphetamine; (3) testimony that CS-1 informed the agents that he had not, as planned, met Amaya at the Wal-Mart; (4) testimony that "radio communications" relayed that a car driven by Caballero, in which Defendant was a passenger, was attempting to meet with Amaya when it headed west on Pajarito Road; and (5) testimony that, during the period of the agents' surveillance from Wal-Mart to Parajito Road, CS-1 informed the agents that he/she had communicated with Amaya.   As "the proponent of hearsay evidence," the government "bears the burden of establishing the applicability of a hearsay exception."   *United States v. Irvin*, 682 F.3d 1254, 1262 (10th Cir. 2012).

*Hearsay Issues*

"In deciding whether an out-of-court statement is admissible to provide background for an investigation, this court first asks if this out of court statement is hearsay."   *United States v. Hinson*, 585 F.3d 1328, 1336 (10th Cir. 2009), *cert. denied*, 559 U.S. 1008 (2010).   Hearsay is defined in Rule 801(c) as "a statement, other than one made by the declarant while testifying at the

trial or hearing, offered in evidence to prove the truth of the matter asserted."   Fed. R. Evid. 801(c).   Hearsay is not admissible at trial, except as provided by the Federal Rules of Evidence or other statutory authority.   *See* Fed. R. Evid. 802.   "Testimony which is not offered to prove the truth of an out-of-court statement, but is offered instead for relevant context or background, is not considered hearsay."   *United States v. Becker*, 230 F.3d 1224, 1228 (10th Cir. 2000), *cert. denied*, 532 U.S. 1000 (2001).

Accordingly, in *United States v. Freeman*, the Tenth Circuit affirmed the admission of a police officer's testimony describing an informant's statements that the defendant would be distributing some counterfeit money at a certain location to explain why the police had that location under surveillance when that exchange took place.   816 F.2d 558, 560, 563 (10th Cir. 1987).   Similarly, in *United States v. Wilson*, the Tenth Circuit affirmed the admission of an officer's testimony that he had received information that drugs were being sold from a certain address – but not the identity of the person allegedly selling those drugs – as background information explaining why the police conducted a controlled buy at that address.   107 F.3d 774, 781 (10th Cir. 1997).

In contrast, however, in *Becker*, the Tenth Circuit held that the district court erred by admitting an officer's testimony that an informant had told him that the defendant was selling and manufacturing drugs, where that information went "to precisely the issue the government was required to prove," and thus "directly implicate[d] the issue of guilt."   230 F.3d at 1229. Similarly, in *United States v. Cass*, the Tenth Circuit held that statements ostensibly offered as background were, in fact, inadmissible hearsay because of 'the extensive admission of [the] out-of-court statements, the fact that [the] evidence went directly to the defendant's guilt, and the [fact that the government used this] evidence to establish the truth of the matters asserted."   127

F.3d 1218, 1224 (10th Cir. 1997), *cert. denied*, 522 U.S. 1138 (1998).   Thereafter, in *Hinson*, the Tenth Circuit held that a detective's hearsay testimony that she had heard that the defendant was another individual's drug supplier should not have been admitted, where that testimony was not necessary to explain the context of the police investigation of the defendant, and as such, only served to bolster the government's claim that the defendant was, in fact, the other individual's drug supplier.   585 F.3d at 1337.

The Tenth Circuit has explained that "one useful clue" in distinguishing inadmissible hearsay from admissible background information is "whether the purported background evidence is necessary for the government to be able to tell a coherent story about its investigation."   *Id.* Thus, "[w]here the government introduces evidence that bears on the ultimate issue in a case but that is not necessary to explain the background of a police investigation, the only reasonable conclusion [the court] can reach is that the evidence [is] offered, not as background, but as support for the government's case."   *Id.*

Further, the Tenth Circuit has clarified that "[o]ut-of-court statements by informants offered to explain the background of an investigation . . . must be evaluated under . . . Fed. R. Evid. [] 401 and 403 for relevance and to prevent confusion or prejudice."   *Becker*, 230 F.3d at 1228 (quoting *Freeman*, 816 F.2d at 563).   In *Cass*, the Tenth Circuit noted that "[c]ourts and commentators have recognized that out-of-court statements should not be admitted to explain why a law enforcement agency began an investigation if the statements present too great a danger of prejudice."   127 F.3d at 1223 (citing, *inter alia*, *Garrett v. United States*, 78 F.3d 1296, 1302-03 (8th Cir.), *cert. denied*, 519 U.S. 956 (1996) (noting, in the context of a conspirator statement, that if the "statement is both permissible background and highly prejudicial, otherwise inadmissible hearsay, fairness demands that the government find a way to get the background into evidence

4

without hearsay"); *United States v. Forrester*, 60 F.3d 52, 59 (2d Cir. 1995) ("The government's identification of a relevant non-hearsay use for such evidence, however, is insufficient to justify its admission if the jury is likely to consider the statement for the truth of what was stated with significant resultant prejudice.")).   The Court further quoted McCormick's criticism of the "apparently widespread abuse" of this hearsay exception, as follows:

> In criminal cases, an arresting or investigating officer should not be put in the false position of seeming just to have happened upon the scene; he should be allowed some explanation of his presence and conduct.   His testimony that he acted "upon information received," or words of that effect, should be sufficient.   Nevertheless, cases abound in which the officer is allowed to relate historical aspects of the case, replete with hearsay statements in the form of complaints and reports, on the ground that he was entitled to give the information upon which he acted.   The need for the evidence is slight, the likelihood of misuse great.

*Cass*, 127 F.3d at 1223 (quoting 2 *McCormick on Evidence* (4th ed.) § 249, at 104).

Taken together, Tenth Circuit precedent makes clear that "[a] prosecutor cannot justify the receipt of prejudicial, inadmissible evidence simply by calling it 'background' or 'context' evidence."   *Hinson*, 585 F.3d at 1336.   Rather, "[o]ut-of-court statements can be admitted as background for an investigation only if they provide information that is necessary to explain the government's subsequent actions, and it is not likely that the jury will consider the statement[s] for the truth of what was stated with significant resultant prejudice.'"   *Id.* (quoting *Cass*, 127 F.3d at 1223-24).

Here, although the government argues that testimony of out-of-court statements made by the confidential informant to the agents is necessary to explain the agents' presence at the Wal-Mart parking lot, their subsequent trip to Pajarito Road, and their collision with the car driven by Caballero, the government has not explained *why* this testimony is necessary.   To be sure, the agents should be allowed "some explanation of [their] presence and conduct."   *Cass*, 127 F.3d at 1223.   Testimony that the agents "acted upon information received," however, should be

sufficient explanation to prevent the agents from being "put in the false position of seeming just to have happened upon the scene." *Id.*   Indeed, the story that the government would be able to tell by eliciting testimony from the agents that, at each step of the way, they were acting upon information received would be just as coherent to the jury as it would if the agents specified the source and details of the information upon which they acted.   The only thing that the government's story would lack without mention of the confidential informant and his specific statements is the unquestionably prejudicial effect that such evidence would have on the jury.

Undoubtedly, the testimony that the government seeks to admit, namely, statements by the confidential informant that he had planned to purchase methamphetamine from Amaya, that Amaya relayed that he had not yet received the methamphetamine necessary for him to complete the transaction, and that Amaya then left to meet a car driven by Caballero in which Thomas was a passenger is all "evidence that bears on an ultimate issue in the case," namely, whether there was a conspiracy to distribute methamphetamine and whether, while in Caballero's car, Thomas possessed methamphetamine with intent to distribute it.   *Hinson*, 585 F.3d at 1337.   Because the confidential informant's statements go "precisely to the issue[s] the government [is] required to prove," *Becker*, 230 F.3d at 1229, there is a strong likelihood that, regardless of any limiting instructions, the jury would consider the statements for the truth of what is stated.   For these reasons, evidence of the confidential informant's statements would "present too great a danger of prejudice."   *Cass*, 127 F.3d at 1223.

Accordingly, this is precisely the sort of case where the need for evidence of out-of-court statements is slight, but the likelihood of misuse of those statements is great.   *See id.*   The government has failed to establish that the statements it seeks to admit "provide information that is necessary to explain the government's subsequent actions," and it appears "likely that the jury

6

[would] consider the statement[s] for the truth of what [is] stated with significant resultant prejudice." *Hinson*, 585 F.3d at 1336.   The Court thus finds that the proposed testimony of the out-of-court statements of the confidential informant would constitute inadmissible hearsay.   The Court further finds that, even if that testimony did fit into a hearsay exception as admissible background information, the Court would exclude it under Rule 403 in order to prevent undue prejudice.

In order to explain the presence and conduct of its agents, the government may elicit testimony from its witnesses that they were acting upon information received.   The government may not, however, elicit testimony from its witnesses of out-of-court statements of the confidential informant, or any other source, for the purpose of providing background information, including the following proposed testimony: (1) testimony that CS-1 informed the agents that a delivery of methamphetamine would be taking place on May 8, 2013, at the Wal-Mart; (2) testimony that CS-1 informed the agents that Amaya was expecting a delivery of methamphetamine; (3) testimony that CS-1 informed the agents that he had not, as planned, met Amaya at the Wal-Mart; (4) testimony that "radio communications" relayed that a car driven by Caballero, in which Defendant was a passenger, was attempting to meet with Amaya when it headed west on Pajarito Road; and (5) testimony that, during the period of the agents' surveillance from Wal-Mart to Parajito Road, CS-1 informed the agents that he/she had communicated with Amaya.

*Confrontation Clause Issues*

The Court notes that Defendant argues not only that the out-of-court statements of the confidential informant constitute inadmissible hearsay, but also that the admission of such statements through the testimony of the government's witnesses would violate his Sixth Amendment confrontation rights.   "The Confrontation Clause guarantees that '[i]n all criminal

prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him.'"   *United States v. Ibarra-Diaz*, 805 F.3d 908 (10th Cir. 2015) (quoting U.S. Const. amend. VI).   In *Crawford v. Washington*, 541 U.S. 36 (2004), the Supreme Court "limited the Confrontation Clause's reach to testimonial statements and held that in order for testimonial evidence to be admissible, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination."   *Ibarra-Diaz*, 805 F.3d at 917 (citation omitted).

"A confidential informant's statements to a law enforcement officer are clearly testimonial."   *United States v. Lopez-Medina*, 596 F.3d 716, 730 (10th Cir. 2010).   However, because "[t]he scope of the Confrontation Clause generally extends no further than testimonial hearsay . . . the Confrontation Clause does *not* bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted."   *Ibarra-Diaz*, 805 F.3d at 917-18 (quoting *Crawford*, 541 U.S. at 59 n.9) (emphasis in original).

Here, because the out-of-court statements at issue are those of a confidential informant, the statements are testimonial.   Nevertheless, if the Court had determined that testimony regarding those statements was admissible for the limited purpose of providing background information, the Confrontation Clause would not bar the use of the informant's statements for that purpose.   *Id.* at 925 (finding that because a detective's testimony recounting a confidential informant's statement, admitted for the limited purpose of explaining the detective's conduct, did not constitute hearsay, admission of the statement did not violate the defendant's confrontation rights).

As set forth above, however, the Court has determined that testimony of the confidential informant's statements is not admissible for the purpose of providing background information, but rather constitutes inadmissible hearsay.   Accordingly, the Confrontation Clause does, in fact, bar

the government's use of those statements.    The proposed statements thus must be excluded on this additional basis.

*Testimony Based on Personal Knowledge*

The government argues that certain of the challenged testimony is based on the personal knowledge of the testifying witness, and thus is admissible under Rule 602 of the Federal Rules of Evidence.    Rule 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.    "Although the proponent bears the burden of establishing personal knowledge under Rule 602, '[e]vidence to prove personal knowledge may consist of the witness's own testimony.'"    *United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1132-33 (10th Cir.), *cert. denied,* 135 S. Ct. 768 (2014) (quoting Fed. R. Evid. 602).    "This standard is not difficult to meet."    *Id.*    "Accordingly, if a rational juror could conclude based on a witness's testimony that he or she has personal knowledge of a fact, the witness may testify about that fact."    *Id.*

Here, the government argues that the following testimony of its agents is based on their own personal knowledge and observations, and thus is admissible:    (1) testimony that they did not witness a drug deal in the Wal-Mart parking lot where they were conducting surveillance on the afternoon of May 8, 2013; (2) testimony that they witnessed Amaya leave the parking lot without consummating a drug transaction; (3) testimony that they followed Amaya out onto Pajarito Road; and (4) testimony that they collided with the car driven by Caballero, at which point Caballero and Defendant exited the car and fled.

To the extent that the testimony of the government's witnesses establishes that they have personal knowledge of events to which they are called to testify, the Court agrees that their testimony would not be hearsay, but rather would be admissible under Rule 602.    With the proper

foundation, the government thus may introduce testimony of its agents as set forth in items (1)

through (4).   The government may not, however, elicit testimony from agents regarding

out-of-court statements of other law enforcement officers who relayed what they saw or knew;

such testimony would be inadmissible hearsay, for the reasons discussed above in the context of

the out-of-court statements of the confidential informant.

*Evidence of Co-Defendants' Arrests*

The government argues that because Defendant has been charged with conspiring with

Caballero, Amaya, and Tovar, evidence of the apprehension and/or arrest of Amaya, Caballero,

and Tovar is "relevant to a fact of consequence" under Rule 401 of the Federal Rules of Evidence.

Rule 401 is not a rule of admissibility, but rather defines relevance.   Specifically, Rule 401

provides that "[e]vidence is relevant if (a) it has any tendency to make a fact more or less probable

than it would be without the evidence; and (b) the fact is of consequence in determining the

action."   Fed. R. Evid. 401.

The government fails to identify *what* "fact of consequence" in determining Defendant's

guilt is made more or less probable by evidence of the apprehension or arrest of his co-defendants.

Similarly, the government fails to explain *how* evidence that his co-defendants were apprehended

or arrested tends to make any unidentified fact of consequence more probable than it would be

without that evidence.   Evidence of an arrest is not evidence of participation in a conspiracy, or,

indeed, of any of the elements of the crimes with which Defendant is charged.   Rather, it is

evidence of nothing more than an arrest, which "[h]appens to the innocent as well as the guilty."

*United States v. Robinson*, 978 F.2d 1554, 1559-60 (10th Cir. 1992) (quoting *Michelson v. United*

*States*, 335 U.S. 469, 482 (1948), *cert. denied*, 113 S. Ct. 1855 (1993)).

Under Rule 402 of the Federal Rules of Evidence, "[r]elevant evidence is admissible"

10

absent certain exceptions, but "[i]rrelevant evidence is not admissible."   Fed. R. Evid. 402.

Because the government has provided no basis for the Court to find that evidence of the

co-defendants' apprehension or arrests is relevant under Rule 401, such evidence is irrelevant and

thus, under Rule 402, not admissible.   Accordingly, the government will not be permitted to

introduce evidence of the apprehension or arrest of Caballero, Tovar, or Amaya.

*Evidence of Defendant's Post-Arrest Statement*

The government argues that Defendant's post-arrest statement is not hearsay and thus is

admissible.   Under Rule 801(d)(2)(A) of the Federal Rules of Evidence, a statement "offered

against an opposing party," and "made by the party in an individual or representative capacity" is

not hearsay.   Fed. R. Evid. 801(d)(2)(A).   The Court agrees that Defendant's post-arrest

statement is a statement of a party opponent under Rule 801(d)(2)(A), and thus is not hearsay.

The government thus will be permitted to introduce into evidence Defendant's post-arrest

statement.

**IT IS THEREFORE ORDERED** that Defendant's Motion *in Limine* Regarding Hearsay

[Doc. 190] is **GRANTED IN PART**, as set forth herein.


DATED this 15th day of April, 2016.

_____
MARTHA VAZQUEZ
United States District Judge